UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ARNOLD BREWER, | ) | |
|---|---|---|
| Petitioner | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-417 RM |
| | ) | (Arising out of 3:07-CR-123(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

OPINION and ORDER

Arnold Brewer seeks to vacate or correct his sentence under 28 U.S.C. § 2555. Mr. Brewer is serving a 72-month sentence for illegal possession of a firearm as a felon. 18 U.S.C. § 922(g)(1). A jury found him guilty, and the court of appeals upheld his conviction. United States v. Brewer, 561 F.3d 676 (7th Cir. 2009). The court assumes the reader's familiarity with the facts set forth in the appellate opinion. For the following reasons, the court denies Mr. Brewer's motion to vacate.

The court of appeals considered and rejected Mr. Brewer's first claim: that his conviction was obtained through the use of evidence gained pursuant to an unconstitutional search and seizure. United States v. Brewer, 561 F.3d 676, 678-679 (7th Cir. 2009). The law of the case doctrine prevents the court from reexamining the issue in a § 2255 proceeding unless there has been an intervening change in the law or new evidence, United States v. Taglia, 922 F.2d 413, 418 (7th Cir. 1991); United States v. Mazak, 789 F.2d 580, 581 (7th Cir.

1986); <u>Page v. United States</u>, 884 F.2d 300, 302 (7th Cir. 1989), and Mr. Brewer doesn't make such an argument.

Mr. Brewer's other arguments relate to his sentence, which he didn't ask the court of appeals to consider. Mr. Brewer claims his sentence is excessive under 18 U.S.C. § 3553(a) because he shouldn't have been sentenced to anything longer than sixty months. He says his offense level was wrong because the court incorrectly enhanced his offense level without holding an evidentiary hearing to determine that one of the guns was stolen, and because the court assessed criminal history points for prior parole violations. Mr. Brewer argues that his sentence was disparate when compared to similarly situated defendants' sentences. Mr. Brewer contends that the court ignored several mitigating circumstances: that he might not have been stopped had he not been in a black housing project; that he was trying to remove himself from a dangerous situation when he was stopped; and that forensic evidence showed his guns weren't fired on the night he was arrested.

The court can't consider Mr. Brewer's excessive sentence claim because he could have raised it on direct appeal, but didn't do so. A person convicted of a federal crime can attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petition under § 2255 can't substitute for an appeal or

2

advance arguments that could have been made earlier. *See* Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Frady, 456 U.S. 152, 165 (1982); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000). A petitioner can't bring constitutional claims he could have raised on direct appeal without showing good cause for and actual prejudice resulting from his failure to raise the claims on direct appeal. Reed v. Farley, 512 U.S. at 354. "[N]on-constitutional errors which could have been raised on appeal but were not, are barred on collateral review – regardless of cause and prejudice." Arango-Alvarez v. United States, 134 F.3d 888, 891 (7th Cir. 1998) (*quoting* Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir. 1988)).

Mr. Brewer says in his petition that he didn't challenge his sentence earlier because his appellate counsel chose the issues for appeal. That statement doesn't amount to a showing of cause and prejudice, but suggests that Mr. Brewer might be trying to argue that he received ineffective assistance of counsel. Ineffective assistance of counsel constitutes cause for failure to raise an issue. *See* Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994). Counsel is ineffective in a constitutional sense only if the representation was so deficient that it "fell below an objective standard of reasonableness" and was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-688 (1984). Mr. Brewer hasn't met either requirement, and can't demonstrate that ineffective assistance caused his procedural default. Mr. Brewer's counsel was well-advised to focus on the search and seizure issue on appeal, because the sentencing arguments have no merit.

3

Mr. Brewer says his "sentence was in excess of the maximum that was authorized pursuant to" 18 U.S.C. § 3553(a), but § 3553(a) doesn't establish the maximum sentence for any crime. It simply identifies factors the court must consider in sentencing in every case, regardless of the maximum sentence. The court addressed those factors in detail at Mr. Brewer's sentencing and in the sentencing memorandum. The statutory maximum for Mr. Brewer's crime under 18 U.S.C. § 922(g)(1) was ten years, 18 U.S.C. § 924(a)(2), and Mr. Brewer's 72-month sentence fell well below that maximum. Because Mr. Brewer's sentence fell within (and near the bottom of) the applicable advisory guideline range, his sentence would have been presumed to be reasonable on appeal, United States v. Castro-Juarez, 425 F.3d 430, 433 (7th Cir. 2005). Mr. Brewer has identified nothing that would have rebutted that presumption.

The sentencing court increased Mr. Brewer's base offense level by two levels under U.S.S.G. § 2K2.1(b)(4) because one of the firearms he possessed was stolen. Although Mr. Brewer didn't challenge that finding at sentencing or on appeal and doesn't dispute that the firearm was stolen, he now contends that his sentence should be vacated because the court didn't hold an evidentiary hearing to determine whether the gun was stolen. Mr. Brewer is mistaken. In United States v. Arrington, 215 F.3d 855 (8th Cir. 2000), the only authority Mr. Brewer cites, the defendant disputed whether the shotgun in question was stolen. The court of appeals held that there should have been an evidentiary hearing to resolve the

4

factual dispute before sentencing. Mr. Brewer has never disputed that the gun found in his possession was stolen.

A district court may rely on information contained in a PSR so long as the report is well-supported and appears reliable. A defendant may produce evidence that questions the reliability or correctness of the facts in the report, but he must do so beyond a "bare denial" of the information. Only when the defendant creates "real doubt" does the burden then shift to the government to demonstrate the accuracy of the information. United States v. Black, 636 F.3d 893, 897 (7th Cir. 2011). Mr. Brewer hasn't identified anything his attorney could have said to create "real doubt" about whether the gun was stolen.

Mr. Brewer didn't object to the calculation of his criminal history category at sentencing, but now contends that it was error for the court to assess three criminal history points for his 1977 kidnaping sentence because the last parole violation occurred more than ten years before this crime. Mr. Brewer misunderstands the sentencing guidelines. U.S.S.G. § 4A1.2(e) provides that the court must count any prior sentence longer than thirteen months, whenever imposed, that resulted in the defendant being incarcerated during any part of the fifteen years before the crime for which he is being sentenced. In figuring that time period, the court must count from the date of last release from incarceration on the sentence. U.S.S.G. § 4A1.2(k)(2)(B). Although Mr. Brewer was paroled on the 1977 sentence in 1983, his parole was revoked three times, and he didn't finish that sentence until 2001. U.S.S.G. § 4A1.1(a) required the court to assess three

5

criminal history points for that sentence. Those points placed Mr. Brewer in criminal history category II, with an advisory guideline range of 70 to 87 months. Mr. Brewer's sentence imposed fell within that recommended range.

Mr. Brewer says his sentence was disparate from those similarly situated (and implies that his attorney's performance was constitutionally deficient because the attorney didn't raise this argument). A reviewing court presumes a sentence is reasonable if the sentence falls within the sentencing guidelines. United States v. Parker, 609 F.3d 891, 897 (7th Cir. 2010). A sentence based on an unjustifiable disparity between defendants violates due process if it "actually creates a disparity between the length of the appellant defendant's sentence and all other similar sentences imposed nation wide." *See* United States v. White, 406 F.3d 827, 909 (7th Cir. 2003) (addressing defendant's allegations of due process violations due to a disparity between co-defendants' sentence). Mr. Brewer has cited a few cases in which defendants were sentenced for the crime he committed, but nothing in his petition suggests that his sentence is out of line with sentences given similarly situated defendants nationally. *See* United States v. White, 406 F.3d at 837; United States v. Simpson, 337 F.3d 905, 909 (7th Cir. 2003). A sentence within the sentencing guidelines (like Mr. Brewer's) is presumed to be consistent with sentences for other similar offenders. *See* United States v. Cea, 963 F.2d 1027, 1033 (7th Cir. 1992) ("the defendant's disparity of sentence argument is eclipsed by the district court's imposition of a sentence within the correct guideline range").

Mr. Brewer's final contention gathers arguments his counsel might have made in seeking a lower sentence. The omission of those arguments neither falls beneath the level of performance required by the constitution nor can be said to have prejudiced Mr. Brewer. The police stopped Mr. Brewer because he was leaving the scene of a shooting in a vehicle that matched the description of the one from which the shots had been fired. *See* United States v. Brewer, 561 F.3d 676 (7th Cir. 2009). The record contains nothing to support a suggestion that had Mr. Brewer been white he wouldn't have been stopped if he had been leaving the scene of a shooting in a white subdivision. That Mr. Brewer was leaving when stopped doesn't rebut the sentencing court's observation that he had driven with firearms into an apartment complex that he considered dangerous. Finally, Mr. Brewer wasn't sentenced for firing the guns; he was sentenced for having several firearms (including a stolen handgun and a semi-automatic weapon), some of which were loaded, in a vehicle in a dangerous place, at 2:00 a.m., as a six-time felon with a history of violence.

It appears plainly from the face of Mr. Brewer's motion and the prior proceedings that he isn't entitled to § 2255 relief, so the court DENIES the motion to vacate, set aside, or correct sentence.

SO ORDERED.

ENTERED: <u>  May 19, 2011  </u>

<u>    /s/ Robert L. Miller, Jr.    </u>

Judge
                                                United States District Court


cc: A. Brewer
    F. Schaffer- ASUA